Nathan V. Anderson
Covina, CA 91723
(626) 321-5433

FILED

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

2012 SEP 5  PM 2:28

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Nathan V. Anderson,
Petitioner,

v.

United States of America,
Respondent

CASE NO. _____

CV12-07596 -DSF(PJWx)

PETITION TO QUASH
I.R.S. SUMMONS

---

## PETITION TO QUASH I.R.S. SUMMONS

1. COMES NOW, Nathan V. Anderson, in propria persona, on September 5, 2012 and files this *Petition To Quash I.R.S. Summons* with the federal district court, the parties summoned to produce records, and the issuing I.R.S. office(s) and agent(s), pursuant to Title 26 U.S.C. § 7609 (b)(2), in order to Quash the disputed Administrative Summons, Form(s) 2039, attached as Exhibit (A), that the Internal Revenue Service employees have improperly issued and served upon Union Bank N.A., [and Petitioner].

2. According to the written provisions of Title 26 U.S.C. Sec 7608(a) and (b), the instant **Subtitle A** Summons has been improperly served by the **Revenue Agent**, without proper statutory authority for this type of I.R.S. employee to serve this type of Summons.

3. This petition is predicated on the provisions of 26 U.S.C. § 7609(b)(2), establishing the right of the person summoned, or the person whose books and records are summoned from a third party record-holder, to intervene in the processes and to quash the Summons for legal cause. In the instant matter, the I.R.S. Revenue Agent is either **exceeding and violating** the clear, explicit, and limited authority of § 7608(a), or is obviously **misusing,** in an incidence of misfeasance and abuse, a legal authority **not** granted to him or her under § 7608(b).

1



4. Petitioner therefore petitions this Court to Quash this administrative Summons under Title 26 USC Sections 7604(a), 7402(b), and the Fed. R. Civ. P. Rule 12(h)(3), **for lack of the court's jurisdiction** to enforce the Summons, **for want of the statutorily required** *"appropriate process"* controlling the proper legal service of a Summons, and the legitimate use of the Summons enforcement authorities, by the Internal Revenue Service Agents and Officers **when operating within the distinct and different Subtitles** of Title 26.

5. Petitioner further Moves this honorable court to Quash this disputed I.R.S. Summons for lack of proper required legal service of the Summons as plainly and clearly specified and required under Title 26 U.S.C. (I.R.C.) § 7608(a) and (b), and the Fed. R. Civ. P. Rule 12 (b)(5).

## RIGHT TO INTERVENE; RIGHT TO PETITION TO QUASH

6. Petitioner will seek to intervene and have this summons quashed pursuant to the provisions of I.R.C. § 7609(b)(2).   Section 7609(b) reads:

> **§ 7609  Special procedures for third party summonses**
> ...
> **(b) Right to Intervene Right to Proceeding to Quash.--**
>
> (1) Intervention.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) **shall have the right to intervene in any proceeding** with respect to the enforcement of such summons under section 7604.
>
> (2) Proceeding to quash.—
>
>> (A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) **shall have the right to begin a proceeding to quash such summons** not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, **the Secretary may seek to compel compliance with the summons**. (emphasis added)
>
>> (B) requirement of notice of person summoned and to secretary.--If any person begins a proceeding under subparagraph (A) with respect to any

2

summons, not later than the close of the 20 day period referred to in subparagraph (A) such person **shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice** referred to in subsection (a)(1). (emphasis added)

(C) Intervention etc.--Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

7.     Petitioner has complied with the Title 26 statutory Notice requirements identified in § 7609 (b)(2)(B) by **mailing by registered or certified mail a copy of this filed Petition to the person(s) summoned and to such I.R.S. office(s) as the Secretary directed on the face of the Summons notice(s).**

# JURISDICTION OF THE DISTRICT COURT
# OVER PETITION PROCEEDINGS

8.     The jurisdiction of the federal district court to hear proceedings like this action, that are initiated to Quash an allegedly unauthorized I.R.S. Summons, is secured under Title 26 U.S.C. § 7609(h) which states:

> **§ 7609  Special procedures for third party summonses**
> ...
> **(h) Jurisdiction of district court; etc.**
> **(1) Jurisdiction**
> The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2),(f), or (g).  An order denying the petition shall be deemed a final order which may be appealed.

9.     As it will be shown, this jurisdiction of the federal district court, to entertain these Quash proceedings, is a distinctly different jurisdiction of the court than that which exists under Title 26 U.S.C. Sections 7604 and 7402 **to enforce the Summons.**

10.   The I.R.S. authority to issue a Summons under authority of the United States to compel an appearance to produce books and records for inspection, and to make testimony concerning the determination of a potential tax liability, is granted to the employees of the Internal Revenue Service under Title 26 U.S.C. Section 7602.

11.   Section 7602 however, is not the statute relevant to, **or controlling, the enforcement of the Summons** by the federal district court.   The **enforcement** of the Summons is controlled under the statutes by Title 26 U.S.C. Sections 7604 and 7402, and under those code sections it is necessary for the I.R.S. employees to provide and obey the statutorily specified *"appropriate process"* that is **necessary and required in order for the federal district court to hold jurisdiction to enforce the Summons**.

12.   Additionally, Sections 7602 and 7603 **are not the only statutes relevant** to the proper lawful use of the Summons authority, its legal issuance, and its proper required legal service, as required to be made by the Revenue Agent.   Plainly and clearly there are other provisions, also relevant and controlling, contained in the statutes of Subchapter A – *"Examination and Inspection"*, in Chapter 78 of Title 26, starting with Section 7603 and ending with Section 7613, the statutes consecutively following Section 7602 (- the above-identified authority of the I.R.S. to Summons books and records under authority of the United States).

13.   **Under the statutes of Chapter 78 (26 U.S.C.),** the power **to enforce** the issued Summons is **NOT granted** to the Internal Revenue Service employees by Section 7602. The authority to enforce the Summons power is very carefully placed, **through** *"appropriate process",* **only** with the federal District Courts, **by other code sections, besides Section 7602, that are made controlling over the enforcement process**.

4

## JURISDICTION OF THE DISTRICT COURT
## TO ENFORCE SUMMONS

14.     The specific authority of the District Courts to enforce an Internal Revenue Summons issued under authority of the United States under Title 26 U.S.C. Section 7602, is clearly and plainly identified and established in Title 26 U.S.C. Sections 7402(b) **and** 7604(a), which both contain extremely similar and completely consistent provisions.  Section 7604(a) plainly states:

> **§ 7604. Enforcement of summons**
>
> **(a) Jurisdiction of district court**
> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, **the United States district court** for the district in which such person resides or is found **shall have jurisdiction by appropriate process** to compel such attendance, testimony, or production of books, papers, records, or other data.
> (emphasis added)

15.     And Section 7402(b) similarly plainly states:

> **§ 7402. Jurisdiction of district courts**
> ....
> **(b) To enforce summons**
> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, **the district court** of the United States for the district in which such person resides or may be found **shall have jurisdiction by appropriate process** to compel such attendance, testimony, or production of books, papers, or other data. (emphasis added)

16.     These statutes both make it absolutely clear, without any confusion at all, that while the authority to Summons books, records, information, and testimony is established under Section 7602, **it is not applied or enforced under that same section**.  The jurisdiction **of the District Court to enforce the Summons is ONLY established by the accomplishment** of the twice statutorily specified "*appropriate process*".  **Both** of these

5

statutes consistently invoke the same requirement of "*appropriate process*" in order for the District Court to hold jurisdiction to enforce the I.R. Summons.

17.   That requirement of "*appropriate process*" cannot be accomplished unless all of the specific requirements of the controlling statutes regarding the issuance, service, and enforcement of a Summons are meticulously followed and obeyed by the United States and its Agents and Officers and other employees of the I.R.S., throughout the Summons enforcement process.

## STATUTORILY REQUIRED "*appropriate process*"

18.   The statutory requirements at law, **necessary to establish the required "*appropriate process*"**, which is itself **necessary for the District Court to hold jurisdiction to enforce an I.R. Summons**, are provided in Title 26 U.S.C. §§ 7603 through 7613.

19.   Those statutes, from **Subchapter A** – "*Examination and Inspection*", **contained in Chapter 78 of Title 26, controlling, and limiting, the legitimate use of the Summons power,** are each entitled, and provide in summary:

§ 7603. **Service of summons**

§ 7604. **Enforcement of summons**

§ 7605. **Time and place of examination**

§ 7606. **Entry of premises for examination of taxable objects**

§ 7607. [Repealed]

§ 7608. **Authority of internal revenue enforcement officers**

§ 7609. **Special procedures for third-party summonses**

§ 7610. Fees and costs for witnesses

§ 7611. Restrictions on church tax inquiries and examinations

§ 7612. **Special procedures for summonses for computer software**

§ 7613. **Cross references**

6

20. Plainly, just from the titles of these code section we can very clearly see that **each and every one of these statutes** (except 7607) **has very specific relevance to, and controls an element of the required due process for, the lawful use of the Summons power,** with each statute addressing a different and unique aspect of the *"appropriate process"* necessary for the district court to hold jurisdiction to enforce the Summons. **Jurisdiction of the court only exists if the Summons was issued and served properly, under all of these statutes, as required in the manner that the statutes are actually written to clearly require, and without exceeding any of those authorities, or violating any of the imposed limitations on the use of the Summons power UNDER ALL OF THE STATUTES, not just one or two of them.** In the instant dispute, those fundamental requirements clearly **did not happen**.

21. In this matter, those requirements of *"appropriate process"* identified in those controlling code sections have not been met. In the instant matter the Summons **has not been served by a person who is lawfully authorized by the statutes** under Section 7608 to serve a Summons enforcing or investigating alleged violations **of the Subtitle A tax code provisions as required by 26 U.S.C. (IRC) § 7608(b)**.

# DIFFERENT AUTHORITIES UNDER THE DIFFERENT SUBTITLES

22. The true legal authority of Internal Revenue Service employees, like Revenue Agent R. Magdaleno, to **serve** an Internal Revenue Summons issued under authority of the United States (under § 7602) is clearly specified and spelled out in **Title 26 U.S.C. § 7608**, subsection **(a)**. It plainly states:

> **§ 7608. Authority of internal revenue enforcement officers.**
>
> **(a) Enforcement of subtitle E** and other laws **pertaining to liquor, tobacco, and firearms**
>
> Any **investigator, Officer, or other internal Revenue Agent** by whatever term designated, whom the Secretary charges **with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of subtitle E** or of

any other law of the United States **pertaining to the commodities subject to tax** under such subtitle for the enforcement of which the Secretary is responsible may –

    (1) carry firearms;
    (2) execute and serve search warrants and arrest warrants, and **serve subpoenas and summonses** issued under authority of the United States;

                                    (emphasis added)

23.   In the instant circumstances, as a "Revenue Agent", R. Magdaleno is **only authorized** by this statute **to serve a Summons while conducting Subtitle E investigations** enforcing the Subtitle E laws **pertaining** to liquor, tobacco, and firearms, **commodities subject to tax. The Revenue Agent is in violation of this statute,** as **Petitioner has never engaged in any Subtitle E activities** involving any ATF commodities or related business operations. Additionally, the records sought under the Summons by Revenue Agent R. Magdaleno are **not** related to any Subtitle E activities or tax as authorized.

24.   Therefore the instant Summons has been improperly issued because the Revenue Agent has exceeded his limited statutory authority to serve a Summons within a Subtitle E investigation. **Under I.R.C. § 7608(a),** the Revenue Agent has no authority to act **under Subtitle A.** However, the authority is granted to serve a Summons under Subtitle A, in statute, under the next code subs-section, I.R.C. § 7608(b). However that authority does not include the Revenue Agent.

25.   It is erroneous to interpret this code section, I.R.C. § 7608, as only being applicable to the authority of Internal Revenue Officers to enforce subtitle E and other laws pertaining to liquor, tobacco, and firearms. Because, while subsection (a) of that section indeed addresses only Subtitle E investigations, and limits the authority of the Revenue Agent to investigative activities conducted **only under Subtitle E,** it is also a fact that this code section (§ 7608) **specifically addresses** the *"Enforcement of laws relating to internal revenue **OTHER THAN SUBTITLE** E"*, **in the very next sub-section, 7608(b).** Subtitles **"OTHER** THAN SUBTITLE E ",** would of course **include Subtitle A, and** thus **becomes controlling in the instant dispute.**

8

26.   The authority to serve Summons issued under investigations relating to **Subtitle A** tax matters, **which would be the relevant, applicable, and controlling authority in the instant matter under the factual circumstances**, is indeed specified and established under Title 26 U.S.C. § 7608, subsection **(b)**, which plainly states:

> **§ 7608. Authority of internal revenue enforcement officers.**
>     ...
> **(b) Enforcement of laws relating to internal revenue OTHER than subtitle E**
>
> (1) Any **criminal investigator of the Intelligence Division** of the Internal Revenue Service whom the Secretary charges with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service, **is**, in the performance of his duties, **authorized to perform the functions described in paragraph (2).**
>
> (2) The functions authorized under this subsection to be performed by an officer referred to in paragraph (1) are –
>
> > (A) to execute and serve search warrants and arrest warrants, and **serve subpoenas and summonses** issued under authority of the United States;    (emphasis added)
> >     ....

27.   Clearly and plainly, 26 U.S.C. Sec. 7608(b) specifies that **ONLY** a *"criminal investigator of the Intelligence Division"* may serve a Summons outside of Subtitle E, i.e.: **under Subtitle A, as in the instant matter**.   Revenue Agent R. Magdaleno is **not** a *criminal investigator* of the Intelligence Division and has therefore violated 26 U.S.C. Sec. 7608(b) by serving a Summons that **only** a *criminal investigator* is authorized to serve. Not surprisingly, since the law is consistent, the Revenue Agent has also violated 26 U.S.C. Sec. 7608(a) by exceeding his or her true statutory authority as a Revenue Agent in serving a Summons that is **not issued as part of a Subtitle E** investigation or enforcement action.

28.   The Authority that is actually possessed by Revenue Agent R. Magdaleno, is that actually specified in Title 26 U.S.C. Sec. 7608(a), supra, to **only** serve a Summons

9

regarding the "*criminal, seizure, or forfeiture provisions of subtitle E*" or "*pertaining to the commodities subject to tax*".

29.   Section 7608(b) irrefutably and unequivocably controls the "*Enforcement of laws relating to internal revenue OTHER than subtitle E*".   Plainly and clearly, that would include Subtitle A, which is the Subtitle relevant to this matter.

30.   IRC § 7608(a), only authorizes **a limited** investigative and Summons service authority under Subtitle E.   The Revenue Agent has exceeded his/her authority under that subsection in this matter, and further ignores the fact that the Revenue Agent has no authority to act under 7608(b), outside of subtitle E and under Subtitle A, because he/she is not a "*criminal investigator of the Intelligence Division*" as required by the statute in subsection (b).

## STATUTORY DISTINCTIONS

31.   **Congress very carefully made these statutory distinctions** controlling the lawful authority of the IRS employees to use the Summons power **within the different Subtitles.   The courts should not try to re-write the law for Congress, but must uphold what is therein actually written.**

32.   There exists a requirement, that is laid on this honorable court though a long and well known line of repeatedly consistent court precedents, to honor and hold to the standards of statutory construction, as the statues are actually written and provided by Congress, without favoritism or partiality to the government in its holdings, but with strict impartiality applied in precise accordance with the specific and clear meaning of the words used in the statutes.

## STATUTORY CONSTRUCTION

33. The recognized standards of legal construction, are, like the fundamental requirements of Due Process, well known to the federal courts and have been absolutely consistently applied within them, and are often repeated in the Opinions of the federal justices, at all levels of the federal court system.  Many examples are readily available.

"In deciding a question of statutory construction, we begin of course with the language of the statute." *Demarest v. Manspeaker*, 498 US 184, 112 L Ed 2d 608, 111 S Ct. 599, (1991)

"As in all cases involving statutory construction, "our starting point must be the language employed by Congress," *Reiter v Sonotone Corp.*, 442 US 330, 337, 60 L Ed 2d 931, 99 S Ct. 2326 (1979),  and we assume "that the legislative purpose is expressed by the ordinary meaning of the words used." *Richards v United States,* 369 US 1, 9, 7 L Ed 2d 492, 82 S Ct. 585 (1962)

"absent a clearly expressed legislative intention to the contrary, that language  must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v GTE Sylvania, Inc.*, 447 US 102, 108, 64 L Ed 2d 766, 100 S Ct. 2051 (1980).

"When the terms of a statute are unambiguous, judicial inquiry is complete except in rare and exceptional circumstances." *Freytag v. Commissioner*, 501 US 115 L Ed 2d 764, pp. 767 - 768

"Where statute's language is unambiguous, court's task of statutory construction is at end unless enforcement of statutory language would contravene clearly expressed legislative intent." *In Re Forfeiture Hearing as to Caplin,* 837 F.2d 637 (4th Cir. 1988)

"In construing a federal statute, it is presumable that Congress legislates with knowledge of the United   States Supreme Court's basic rules of statutory construction."  *McNary v. Haitian Refugee Center*, 498 US 479, 112 L Ed 2d 1005, 111 S Ct. 888, (1991)

"(T)he court's task is to determine whether the language the legislators actually enacted has a plain,  unambiguous meaning." *Beecham v. United States*, 511 US 128 L Ed 2d 383 (1994)

" We have stated time and again that courts must presume that a  legislature says in a statute what it means and means in a statute what it says there. See, e.g., *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 -242 (1989); *United States v. Goldenberg*, 168 U.S. 95, 102 -103 (1897); *Oneale v. Thornton*, 6 Cranch 53, 68. When the words of a statute are unambiguous, then this first canon is also the last:

"judicial inquiry is complete.", *Rubin v. United States*, 449 U.S. 424, 430 (1981) ; *see also Ron Pair Enterprises*, supra, at 241." *Connecticut National Bank v. Germain*, 503 US 249, p. 253-254, 117 L.Ed 2nd 91(1992)

"Rules of statutory construction are to be invoked as aids to the ascertainment of the meaning or application of words otherwise obscure or doubtful. They have no place, as this court has many times held, except in the domain of ambiguity." *Hamilton v. Rathbone*, 175 U. S. 414, 421, 44 L. Ed. 219, 222, 20 Sup. Ct. Rep. 155; *United States v. Barnes*, 222 U. S. 513, 518, 519, 56 L. Ed. 291-293, 32 Sup. Ct. Rep. 117. *Russell Motor Car Co. v. United States.*, 261 US 514, pp. 517.

"In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue, judicial inquiry into the statute's meaning--in all but the most extraordinary circumstance--is finished; courts must give effect to the clear meaning of statutes as written." *Estate of Cowart v. Nicklos Drilling Co.*, 505 US 120 L Ed 2d 379, 112 S Ct. 2589 (1992)

"It is not a function of the United States Supreme Court to sit as a super-legislature and create statutory distinctions where none were intended." *American Tobacco Co. v Patterson*, 456 US 63, 71 L Ed 2d 748, 102 S Ct. 1534

"The United States Supreme Court cannot supply what Congress has studiously omitted in a statute." *Federal Trade Com. v Simplicity Pattern Co.*, 360 US 55, p. 55, 475042/56451

"The starting point in any endeavor to construe a Statute is always the words of the Statute itself; unless Congress has clearly indicated that its intentions are contrary to the words it employed in the Statute, this is the ending point of interpretation." *Fuller v. United States*, 615 F. Supp. 1054 (D.C. Cal 1985) , West's Key 188 quoting *Richards v. United States*, 369 US 1, 9, 82 S. Ct. 585, 590, 7 L.Ed. 2d 492 (1962)

"The starting point for interpreting a statute is the language of the statute itself; absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Product Safety Comm'n v. GTE Sylvania*, 447 US 102, 64 L Ed 2d 766, 100 S Ct. 2051 (1980)

"Words used in the statute are to be given their proper signification and effect." *Washington Market Co. v. Hoffman*, 101 U. S. 112, 115, 25 L. Ed. 782, 783

"The construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong, especially when Congress has refused to alter the administrative construction, and such deference is particularly appropriate where an agency's interpretation involves issues of considerable public controversy and Congress has not acted to correct any misperception of its statutory

objectives." *CBS, Inc. v FCC*, 453 US 367, p. 367, 69 L Ed 2d 706, p. 709

"This fact only underscores our duty to refrain from reading a phrase into the statute when Congress has left it out. '[W]here Congress includes particular language in one section of a statute but omits it in another ..., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.' " *Russello v. United States*, 464 US 16, 23, 78 L Ed 2d 17, 104 S Ct. 296 (1983) (citation omitted). *Keene Corp. v United States*, 508 US 124 L Ed 2d 118, 113 S Ct. (1993)

34.   If we are to believe that code Sections 7602 and 7603 are the entire and only statutory authorities relevant to and necessary for the use of the Summons *issuance* and *service* powers, then, through that erroneous interpretation, we render **completely meaningless the entire Code Section of 7608**, and all of its subsections.  **Section 7608(b)** clearly addresses and authorizes the investigative and summons service powers **under Subtitle A,** those **"other than Subtitle E".**

35.   Additionally, that code section **addresses, covers, and is made applicable, to both civil and criminal proceedings** through the specific language used by Congress in constructing the statute, where they wrote in § 7609(b)(1): **"***Any criminal investigator of the Intelligence Division of the Internal Revenue Service whom the Secretary charges with the duty of enforcing any of the criminal provisions ... **or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service**, is, in the performance of his duties, authorized to perform the functions described in paragraph (2).***".  Paragraph 2 of § 7609(b) plainly and clearly states **who is legally authorized to make service** of the Summons.   So, the Summons is issued under authority of the United States under § 7602, and served in the **manner** proscribed under § 7603, **by a person actually authorized to make such service under § 7608**, and all of these provisions must be given force of law as written in the court's application of the statutes.

36.   This honorable Court should very carefully note the **very specific distinction made by the two sub-sections of 7608, (a) and (b), between the two very different authorities** to serve Summons under **the two different subtitles, A and E.**  That distinction is based in the statute on the very specific IRS "*office*" or job position held by the I.R.S. employee

issuing the Summons under authority of the United States (as provided under Section 7602), and then serving the Summons as required under the provisions of Sections 7603, 7608, 7609, and 7612, depending on the records summoned, the summoned party, **and the specific Subtitle under which the investigation is taking place**.

## CO-EXISTENCE OF STATUTES

37. When two statutes are not in direct conflict with one another, **they are taken to coexist as equally effective, each preserved with force of law within its authorized application, to the full extent possible under the language actually used in the written statutes**. As it is improper to use one statute to destroy another of equal standing, it is clearly erroneous and improper to apply the words of one statute that authorizes the government to act, **while ignoring entirely the clear meaning of the plain words used in another related statute that limit the application of the government's authorized powers within circumstances specifically identified in the statutes**, and present in the case, i.e. the operation of the granted authority within the different specific subtitles of the I.R. Code, **depending on whether or not the investigation is being conducted under Subtitle E, or not.**

> Judges "are not at liberty to pick and choose among congressional enactments, and when two [or more] statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, **to regard each as effective**." *Morton v. Mancari*, 417 US 535, 551, 41 L Ed 2d 290, 94 S Ct. 474 (1974). *County of Yakima v Yakima Nation*, 502 US 251, 116 L Ed 687 (1992)

> "We are not at liberty to construe any statute so as to deny effect to any part of its language. **It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word**. As early as in Bacon's Abridgment, § 2, it was said that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word, shall be superfluous, void, or insignificant.' This rule has been repeated innumerable times." Justice Strong, *United States v. Lexington Mill & E. Co.*, 232 US 399, pp. 409. (1914)

# STATUTORY DOUBT RESOLVED IN FAVOR OF CITIZEN

38. Tax laws are clearly in derogation of personal rights and property interests and are, therefore, subject to strict construction, and any ambiguity must be resolved against imposition of the tax. Where two statutes conflict with one another regarding a Citizen and his rights, **the Citizen**, and **not** the Government and its claims, **is to be favored and secured** under the law. In *Billings v. U.S.*, 232 U.S. 261, 34 S.Ct. 421 (1914), the Supreme Court clearly acknowledged this basic and long-standing rule of statutory construction:

> **"Tax statutes . . . should be strictly construed, and, if any ambiguity be found to exist, it must be resolved in favor of the citizen.** *Eidman v. Martinez*, 184 U.S. 578, 583; *United States v. Wigglesworth*, 2 Story, 369, 374; *Mutual Benefit Life Ins. Co. v. Herold*, 198 F. 199, 201, aff'd 201 F. 918; *Parkview Bldg. Assn. v. Herold*, 203 F. 876, 880; *Mutual Trust Co. v. Miller*, 177 N.Y. 51, 57." (Id at p. 265, emphasis added)

39. Other cases of course are readily found to support this understanding:

> "In view of other settled rules of statutory construction, which teach that a law is presumed, in the absence of clear expression to the contrary, to operate prospectively; that, if doubt exists as to the construction of a taxing statute, the doubt should be resolved in favor of the taxpayer..." *Hassett v. Welch.*, 303 US 303, pp. 314 - 315, 82 L Ed 858. (1938)

> "Doubt relative to statutory construction should be resolved in favor of the individual, not the government" *Greyhound Corp. v. United States,* 495 F2d 863

40. Revenue Agents are not authorized to serve a Summons under Subtitle A. Revenue Agent R. Magdaleno has clearly exceed his/her authority under 7608(a) in the instant matter, and is just as clearly not authorized under 7608(b), thereby destroying the required *"appropriate process"* necessary for the district court to hold jurisdiction to enforce the instant Summons.

41.   Subtitle E tax is not the stated basis for this investigation.  No Subtitle E records are sought under the Summons.  Subtitle A earnings, tax, and activities are the true basis for this investigation undertaken by the Revenue Agent.  Nor does this civil action in any way pertain to any activity involving "*liquor, tobacco or firearms*", or any other "*commodities subject to tax*", or any taxable activity related to Subtitle E as required by the statutes authorizing the Revenue Agent to serve a summons.

## ABUSE OF STATUTORY AUTHORITY

42.   The limited authority that R. Magdaleno actually possesses as a Revenue Agent under 26 U.S.C. Sec. 7608(a), is to serve a summons **related to the enforcement of Subtitle E provisions.**    That **limited authority** has been abused in the instant matter, being improperly used to serve a Summons concerning the investigation of Subtitle **A** provisions, **not** Subtitle E as required by the specific language of the code section, 7608(a).  This abuse of the statutory authority **violates and destroys** the statutorily required "*appropriate process*" necessary for the District Court to hold jurisdiction to enforce the Summons.  **The Summons is therefore not legally enforceable because the jurisdiction of the District Court has been destroyed for want of "*appropriate process*".**

43.   Subtitle E is **not** a part of this investigative action, but it was this Subtitle E authority, 26 U.S.C. Sec. 7608(a), that has been erroneously relied upon in this matter to have the Revenue Agent improperly and unlawfully serve the Subtitle A Summons, by misusing his or her Subtitle E authority, **instead of a "*criminal investigator of the Intelligence Division*", who is lawfully authorized by statute to so act**.  At no point or place in the record of these legal proceedings does Revenue Agent R. Magdaleno claim to be an authorized "*criminal investigator of the Intelligence Division*".  Without that evidence being present in the legal record of the court in this action, **there is no lawful jurisdiction that can be established in statute that would allow this Court to enforce the instant summons,** because this **is a critical element of the required "*appropriate process*"** **necessary for such jurisdiction to exist.**

16

44.     Therefore the *"appropriate process"* necessary for the Court to have jurisdiction under 26 U.S.C. Sec. 7604(a) and 26 U.S.C. Sec. 7402(b) **has been violated and poisoned** by the **misfeasance** of the Revenue Agent, who wrongfully misused the Subtitle E – Alcohol, Tobacco & Firearms legal authority to improperly serve a summons regarding a Subtitle A enforcement investigation.

45.     The integrity and character of the Revenue Agent is called into question by this **misfeasance and blatant misuse** of the statutory powers, and any hope of establishing the legal, statutorily required *"appropriate process"* that could establish jurisdiction for the District Court is **destroyed**.  The lawful jurisdiction of these Courts to enforce the Summons has been invalidated by this **inappropriate** process, and jurisdiction to enforce this Summons is beyond reach of the District Court **because there can be no proper showing of statutory authority** for the issuance and service of this Summons by a *"criminal investigator of the Intelligence Division"*, pertaining to Subtitle A under 7608(b), **as required by law to establish** *"appropriate process" under* 7604(a) and 7402(b).

46.     Jurisdiction of the District Court under 26 U.S.C. Section 7604(a) and 26 U.S.C. Sec. 7402(b) to enforce an internal revenue Summons can only be established by *"appropriate process"*.  *"Appropriate process"* **cannot be established in this case** because **a *criminal investigator of the Intelligence Division* did not serve the Subtitle A Summons as required** under 26 U.S.C. Sec. 7608(b)(1).  *"Appropriate process"* **has been poisoned** because the authority of Revenue Agent R. Magdaleno to serve summons under Subtitle E was improperly abused in the instant matter, to wrongfully and improperly serve a Summons related to a Subtitle A investigation, instead of properly pertaining to a Subtitle E investigation.  Revenue Agent R. Magdaleno does not possess the statutory authority necessary under 26 U.S.C. Sec. 7608(b) to serve a Subtitle A Summons **because she is not a *"criminal investigator of the Intelligence Division"***.

47.     Officer R. Magdaleno cannot misuse the authority of 26 U.S.C. Sec. 7608(a) – to serve a Summons under Subtitle E,  to accomplish an end that is not authorized by Sec. 7608(a),

17

and that is also not authorized under Sec. 7608(b) – i.e.: the service of a Subtitle A Summons by a Revenue Agent **rather than by a "*criminal investigator*".**

48.   Title 26 U.S.C. Sec. 7608(b) controls and limits the enforcement authority of the United States and its officers using a Summons to investigate the enforcement of the Subtitle A provisions, and it does not make statutory provision for Revenue Agents to serve Subtitle A Summons, as has been **inappropriately done in the instant matter**.

49.   The "*appropriate process*" required under 26 U.S.C. Sec. 7604(a) and 26 U.S.C. Sec. 7402(b) for the District Court to obtain jurisdiction in this matter has not been observed and is not present or intact, and has never existed, and in applying for enforcement of this improperly issued and served Summons, the **process of the court is severely abused.**

50.   In addition, the administrative summons issued in the instant case cites no authority other than the "Internal Revenue Code." The Internal Revenue Code only lists four (4) sections from which the authority to issue could emanate, §§ 6420(e)(2), 6421(g)(2), 6427(j)(2) or 7602. Three of those sections 6420(e)(2), 6421(g)(2), 6427(j)(2), pertain only to gasoline taxes, and the fourth, § 7602, addressed herein, has been published in the regulations as **only** pertaining to "intoxicating liquors".

51.   Therefore, the summons contains no authority that would pertain to the Petitioner and must be quashed by this honorable court in these proceedings. The Petitioner is not now and has never been engaged in any of those Subtitle E revenue taxable activities. The records sought by the summons do not pertain to any Subtitle E activities or earnings. The Internal Revenue Service has not and cannot produce any documentation showing that Petitioner is engaged in any activity involving any type of taxes that relate to "Intoxicating Liquors" under Subtitle E, **because no such business exists in Petitioner's life**.

52.   The cross references for Chapter 78 of the I.R.C. (Title 26) shown in the U.S.C. in Section 7612, confirm the limited proper use of the summons as revealed above and identified in the enclosed Exhibit (B) of published regulations under the C.F.R..

§ 7612. Cross references

(a) Inspection of books, papers, records, or other data.
   For inspection of books, papers, records, or other data in the case of -
   (1) **Wagering**, see section 4423.
   (2) **Alcohol, tobacco, and firearms taxes,** see **subtitle E**.

53.   There are no other cross-references shown for the inspection of books, papers, records or other data.

# SUMMARY

54.   The facts and law in this case clearly and simply combine to show that there can be no showing of *"appropriate process"* in the instant matter under 26 U.S.C. § 7608, as required by 26 U.S.C. §§ 7604(a) and 7402(b), for the District Court to hold lawful jurisdiction **to enforce the instant Subtitle A Summons**.

55.   There can be no denying that both Section 7608 and Section 7609 are **both** part of the specified required *"appropriate process"* necessary for the district to hold jurisdiction to enforce a summons through application to the district for an order for enforcement. Section 7609 is specifically entitled *"Special Procedures for third party summonses"*, and is obviously applicable, and Section 7608 **specifically identifies which *offices*,** i.e.: the specific I.R.S. employment *positions*, **are authorized to exercise the summons service authorities UNDER THE DIFFERENT SUBTITLES**.

56.   Neither Petitioner, nor his third-party record-keepers, possess any books or records, nor any information at all, relating to any Subtitle E taxes or business activities, nor have they conducted together any operations or activities related to commodities subject to tax.

57.   The Revenue Agent's misuse of the statutory authority to issue a Summons under Subtitle E, **BUT NOT UNDER SUBTITLE A**, appears to be an attempt by the government **to intentionally misuse and abuse the legitimate and lawful authority it possesses to Summons book and records under Subtitle E**, in order to attempt to circumvent the limitations in the laws controlling their power, in an obviously illegitimate

manner. That use of the Summons authority, under Subtitle A by a Revenue Agent is **not** lawful, **nor does that power exist in the law** to be enforced by the District Court under the true Summons authority granted in the statutes of Subtitle A under Section 7602, and as authorized under Section 7608(b) for use within that subtitle.

> "It is the duty of the courts to be watchful for the Constitutional rights of the citizen and against any stealthy encroachments thereon"
> *Boyd v. United States*, 116 U.S. 616, 635 (1886)

## REQUIREMENTS OF LAWFUL SERVICE

58.  Finally, in order for the I.R.S. to make legal service on the Petitioner of the presentment of the Notice of Summons, it is erroneous to believe that I.R.C. § 7603 satisfies all of the legal service requirements necessary in this matter.   For, while § 7603 specifies the *manner of service* to be made, it does not specify who is authorized **to MAKE service** of the Summons within an investigation **pertaining to a specific Subtitle's statutory provisions.** The requirements of making proper lawful service of a Summons, including the legal authority **to actually make service of the Summons by a statutorily authorized individual,** are completely spelled out and specified under I.R.C. § 7608(a) and (b), depending upon which Subtitle the investigative action originates under.

59. It is alleged by Petitioner that Revenue Agent R. Magdaleno has misused the statutory authority granted under 7608(a) to make service of a Summons under Subtitle E investigation.   Revenue Agent R. Magdaleno has never made any legal service of the Summons as required under 26 U.S.C. § 7608(b), necessary to invoke the court's authority to authorize an enforcement Order, because the Revenue Agent is not the statutorily authorized "*criminal investigator of the Intelligence Division*", necessary to make such service within a Subtitle A investigation.

60. The jurisdiction of the court is irreparably poisoned and destroyed by such misconduct of the  Revenue Agent in attempting to serve and enforce the Summons through the use of an insufficient, and therefore deficient, authority for such under I.R.C. § 7608(a).

"A stickler for enforcing the statutory notice it is entitled to receive, the government should be no less punctilious with respect to the statutory notice it is required to give." *Kulway v. United States*, 917 F 2d 729, 735 (2nd Cir. 1990).

61. Petitioner was never given any lawful service of the summons as required by the statutes (§ 7608(b)).   No lawful, authorized service of the Summons is or can be evidenced on the record of these proceedings.

## CONCLUSION

62. Section 7609(b) specifically gives the Petitioner the right to intervene in the enforcement of the Summons through the filing of a Petition to Quash the Summons.  Petitioner did so intervene.

63. As the subject of the investigation, Petitioner was entitled to proper lawful service by a "*criminal investigator of the Intelligence Division*" of any Summons that was issued regarding his property, i.e.: to obtain access to Subtitle A books and records.  Revenue Agent R. Magdaleno never made any such required legal service of the summons under Section 7608(b), because as a Revenue Agent he/she is not authorized in statute to do so.

64. Therefore, this disputed Summons should be quashed and or dismissed by this honorable court **for lack of jurisdiction of the court to enforce the Summons, for want of the required appropriate process under 7604(a) and 7402(b), as supported under F.R.C.P., Rule 12(h)(3), and for lack of lawful service as required by I.R.C. § 7608(b) and the rules of the court under F.R.C.P. Rule 12(b)(5).**

# PRAYER FOR RELIEF

65. THE FOREGOING PREMISES CONSIDERED, specifically: the misfeasance and malfeasance of the Revenue Agent in improperly abusing his/her true statutory authority under 7608(a) to serve a Summons issued under authority of the United States under Section 7602, and as additionally required under Section 7608(b), and, the fact that the "*appropriate process*", required under Sections 7402(b) and 7604(a) for the District Court to possess jurisdiction to enforce an I.R. Summons served within Subtitle A under authority of 7608(b) cannot be demonstrated in light of the violations of the statutory requirements of Title 26 U.S.C. § 7608(a) and (b) by the Revenue Agent, together with the clear lack of required lawful legal service of the summons itself on the Petitioner under those 7608 subsections; and accordingly, the Petitioner prays this honorable Court to quash this Summons for lack of jurisdiction for want of appropriate process, and for lack of required proper legal service of the 2039 Summons documents.

Respectfully submitted,

Nathan V. Anderson, *pro se*
327 North Prospero Drive, Apartment 2
Covina, CA 91723
Phone:  (626) 321-5433

## CERTIFICATE OF SERVICE

I, Nathan V. Anderson, certify that a true copy of the attached *Petition To Quash* has been
served via Certified Mail to the following:

Union Bank N.A.
Denise Atienza
Legal Process Department
P.O. Box 30240
Los Angeles, CA 90030


R. Magdaleno
Internal Revenue Service
SB/SE Area 7 (27)
9350 E. Flair Dr.
El Monte, CA 91731-2828


U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


United States Attorney's Office
for the Central District Of California
312 North Spring Street, Suite 1200
Los Angeles, CA 90012


Nathan V. Anderson, *pro se*
327 North Prospero Drive, Apartment 2
Covina, CA 91723
Phone: (626) 321-5433


9/5/2012



# Summons

*1359916*

In the matter of  **NATHAN V ANDERSON, 327 N PROSPERO DR APT 2, COVINA, CA 91723**

Internal Revenue Service (Division):  **SMALL BUSINESS/SELF EMPLOYED**

Industry/Area (name or number):  **SB/SE AREA 7 (27)**

Periods:   **See Attachment 1 to Summons Form 2039 for Period Information**

## The Commissioner of Internal Revenue

To:   **UNION BANK N.A.**

At:   **ATTN LEGAL ORDER PROCESSING,  3900 W ALAMEDA AVENUE,  BURBANK, CA  91505**

You are hereby summoned and required to appear before R. MAGDALENO, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

For the Period from January 01, 2011 to July 31, 2012:

Produce all bank statements, all deposit transaction records including teller notes, as well as wire transfer documents under the name of or for the benefit of: KHANITHA ANDERSON, social security number 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 and/or NATHAN V. ANDERSON, social security number 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.

The following account numbers are provided to assist you in your research. The Summons is not confined to these account numbers: 6101000000165l022970 and 61010000000011576477.

NOTE: Under IRC 7609, this Summons is exempt from the notice requirement on third-party summonses.
    You may mail the records in lieu of your appearance.

---

## Attestation

**I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.**

**R. Magdaleno**_____        **REVENUE OFFICER, 1000281585**
Signature of IRS Official Serving the Summons                 Title

## Business address and telephone number of IRS officer before whom you are to appear:

 9350 E. FLAIR DR.,  EL MONTE,  CA  91731-2828  (626) 312-5042

**Place and time for appearance at:**   9350 E. FLAIR DR. 4TH FLOOR, EL MONTE, CA  91731-2828

**IRS**        on the  14th  day of  September  , 2012  at  10:45  o'clock _a_ _m_.

**Department of the Treasury**
**Internal Revenue Service**        Issued under authority of the Internal Revenue Code this  16th  day of  August  , 2012

**www.irs.gov**        R. MAGDALENO _____        REVENUE OFFICER
                Signature of Issuing Officer                 Title

Form 2039(Rev. 10-2010)
Catalog Number 21405J        **E. Sosa**_____**Acting**        **GROUP MANAGER**
                Signature of Approving Officer *(if applicable)*        Title

**Part A -- to be given to person summoned**

Exhibit A ( 2 of 2 )

## Attachment 1 to Summons Form 2039

In the matter of **NATHAN V ANDERSON**

Period information: Form 1040 for the calendar periods ending December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007 and December 31, 2008 and Form CIVPEN for the quarterly periods ending December 31, 2004, December 31, 2005, December 31, 2006 and December 31, 2007

SERVED 8/21/12 1:00pm
                 Date              Time

AT TOLUCA LAKE OFFICE
       Office or Department

UPON MAGDALENA RASTIAN VP, OSM
          Print, Name & Title

SIGNATURE _Clbertter_

METHOD OF SERVICE
☑ In Person          ☐ By Mail
Requested Evidence of Fee Paid to Levying Officer
Notice of Levy Under Writ of Execution _____
                                          Initial

Notice of Attachment Under Writ of Attachment _____
                                                  Initial

Exhibit B

# Federal Rules Civil Procedure

**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**
…

### (b) How to Present Defenses.

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> **(5) insufficient service of process;**
> (6) failure to state a claim upon which relief can be granted; and
> (7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.
…

### (h) Waiving and Preserving Certain Defenses.

**(1) When Some Are Waived.**
A party waives any defense listed in Rule 12(b)(2)-(5) by:

> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
> (B) failing to either:
> > (i) make it by motion under this rule; or
> > (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

**(2) When to Raise Others.**
Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
(A) in any pleading allowed or ordered under Rule 7(a);
(B) by a motion under Rule 12(c); or
(C) at trial.

**(3) Lack of Subject-Matter Jurisdiction.**
**If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV12- 7596 DSF (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)<br><br>*Nathan V. Anderson* | **DEFENDANTS**<br><br>*United States of America* |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>*Nathan R. Anderson*<br>*327 W. Prospero Dr., Apt. 2*<br>*Covina, CA 91723 (626) 321-5433* | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

*26 USC Section 7609(b)(2) Petition to Quash I.R.S. Summons - 3rd Party*

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☒ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

*CV12-07596-DSF(PJWx)*

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Nathan Anders_ Date 9/5/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |